IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                          )<br>                      Plaintiff,         ) | **CRIMINAL ACTION** |
| v.                                       ) | No.  13-10068-MLB |
| DARRIN WALKER and ANGELA JOHNSON,         )<br>a/k/a PRIMITIVA JOHNSON,                  )<br>                                          )<br>                      Defendant.         ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Darrin Walker's motion to suppress.[1] (Doc. 17). The motion has been fully briefed and is ripe for decision. (Docs. 21, 22). The court held an evidentiary hearing on September 10, 2013. Walker's motion is granted for the reasons herein.

**I.   Facts**

Walker and Johnson are charged with possession with the intent to distribute cocaine and possession with the intent to distribute hydrocodone. (Doc. 1).[2] On February 14, 2013, J.M. Henry, an officer with the Wichita Police Department, presented an application for a search warrant to a Sedgwick County District Court judge. Henry sought a warrant for 1510 N. Vassar to search for items indicia of drug trafficking. Henry's affidavit set forth the following:

Your Affiant, Officer J.M. Henry, currently assigned

---

[1] Defendant Angela Johnson's motion to join is granted. (Doc. 19).

[2] Walker is additionally charged with possession of a firearm in furtherance of a drug trafficking crime and felon in possession.

to Patrol North, Special Community Action Team (SCAT), of the Wichita Police Department. In that capacity Your Affiant received information that narcotics were being held at 1510 N Vassar.

Your affiant researched the city database and learned that Darrin L. Walker, date of birth 10/13/1964 lives at or has used the address of 1510 N. Vassar in the past. Your Affiant researched the Wichita Police Department Records and learned that on 6/14/07 North SCAT executed a narcotics search warrant at the residence of 2001 E. Elm, Wichita, Sedgwick County, Kansas after receiving a tip that narcotics were being sold out of that location by Darrin Walker. During that search warrant officers located approximately 3.5 ounces of crack cocaine, 2 handguns, and approximately one quarter ounce of marijuana and arrested Darrin Walker for possession of cocaine with intent to sell . . . During this investigation officers began to notice vehicles driven by Darrin Walker were staying at 1510 N. Vassar.

Your affiant conducted more research and found that on 3/21/11 East SCAT executed a narcotics search warrant on the residence of 1016 E. 8th Street after receiving a tip from a Confidential Informant that Darrin Walker and Quincy Galbert were selling narcotics out of that residence. During that search warrant officers located approximately 10 grams of crack cocaine, 15 grams of marijuana, and a Ruger 9mm handgun.

On 6/2/10 Officer Kern received a tip that a subject known as "Dub" and another subject were selling crack cocaine from 1260 N. Matthewson Apartment #A and that they have a police look-out and carry a lot of narcotics inside the residence. In 2010 Officer Russell received Crimestoppers Tip #10-283 stating that crack cocaine was being sold from 1260 N. Mathewson Apartment #A. Officer Russell noticed that rental cars seen at 2160 N. Mathewson were arriving and staying at 1510 N. Vassar. In November of 2011, Your Affiant received a tip that Darrin Walker, also known as "D-Dub" was selling narcotics out of 1260 N. Mathewson Apartment #A. Within three months of learning this information North SCAT conducted three controlled buys from the courtyard of this location resulting in the purchase of crack cocaine. On 11/26/11 Officer Schomaker and Officer Kampling stopped Shawn Steele, date of birth 11/3/59, leaving this location in possession of approximately 2 ounces of crack cocaine. During a post-Miranda interview of Shawn Steele he admitted to purchasing the 2 ounces of crack cocaine from "Pops" or "Papa" for $2400, who he later identified as Darrin L. Walker. On 2/7/12, Your Affiant observed a black Impala registered to Enterprise Rental Cars leave

>    1260 N. Mathewson. Your Affiant stopped the vehicle and arrested Darrin Walker, for suspicion of driving under the influence of alcohol. After the arrest, Mr. Walker requested that his vehicle be released to Angela Johnson date of birth 4/30/62, who stated she lives at 1510 N. Vassar.
>
>    Your Affiant then conducted a check on Darrin L. Walker's Interstate Identification Index (Triple I) and found that on 11/5/84 Mr. Walker was arrested for assault on a law enforcement officer; resist arrest on 2/7/92; possession of cocaine with intent to sell six separate time on 1/5/91, 2/21/91, 8/16/91, 1/23/95, 8/7/01, and 11/09/02; aggravated escape custody on 4/15/92; possession of marijuana on 2/21/93 and 2/7/00; possession of cocaine on 11/1/95 and 6/17/05; and possession of drug paraphernalia on 11/5/06.
>
>    Your Affiant continued to monitor this residence for more information. Your Affiant observed one blue trash cart sitting approximately five feet east of the paved street of Volutsia and approximately five feet north of the north edge of the driveway to 1510 N. Vassar. On Tuesday, February 12, 2013 at approximately 04:20 hrs. your Affiant removed (2) black trash bags tied in a knot from inside the trash cart and took these bags to a secure location. Your Affiant also marked the trash cart with a small piece of gray duct tape on the outside black wheels of the trash cart. Your Affiant located inside of the first trash bag: (1) sandwich baggie with the corner missing, (3) comers of sandwich baggie with white residue, (2) pieces of sandwich baggie tied in knots, (1) Gap advertisement with the address portion removed, (1) Dillards advertisement with the address portion removed, (1) Capital Federal advertisement with the address portion removed, and (1) Wells Fargo Visa Platinum Card letter addressed to Primitiva Johnson at P.O. Box 20174, Wichita, KS. Your Affiant located inside of the second trash bag: (3) sandwich baggie comers with white residue, (3) sandwich baggies with the corner missing, (4) pieces of sandwich baggie tied in knots, and (1) empty box of sandwich baggies. On Tuesday, February 12, 2013 at approximately 1222 hrs Your Affiant tested a sample of the white residue taken from the sandwich baggie corners in each bag and each sample tested positive for the presence of cocaine with a Sirchie Test Kit. . . .[3] Your

---

[3] The affidavit additionally contained the following statement: On Thursday, February 14, 2013 at approximately 1330 hrs. a member of the Wichita Police Department checked [sic] observed a small piece of duct tape affixed to the outside of the black wheel on the blue trash cart placed in the driveway of 1510 N. Vassar just south of the

-3-

>  Affiant also checked the City of Wichita Water records
>  and learned that the water bill at 1510 N. Vassar is in
>  the name of Primitiva M. Johnson.

(Doc. 18, exh. 2)(sic throughout).

After reviewing the affidavit, the district court judge issued a search warrant permitting a search of 1510 N. Vassar, Wichita, Kansas.  When officers arrived to execute the warrant, both defendants were present.  Officers seized cocaine, hydrocodone and a firearm.  Walker moves to suppress the seized items on the basis that the application for the search warrant lacked probable cause.

The court held a hearing on September 10, 2013[4] and September 29, 2014.  The government and defendants declined the opportunity to present evidence.

**II.   Analysis**

**A.  Probable Cause**

The Fourth Amendment to the United States Constitution provides that:

>  [t]he right of the people to be secure in their
>  persons, houses, papers, and effects, against
>  unreasonable searches and seizures, shall not be
>  violated, and no Warrants shall issue, but upon
>  probable cause, supported by Oath or affirmation,
>  and particularly describing the place to be
>  searched, and the persons or things to be seized.

---

residence.
   The district court judge excised this sentence from the affidavit because the officer who checked the cart did not appear with Officer Henry when the application for the search warrant was presented. (Doc. 26 at 3-4).  Therefore, the court will not consider this statement in its probable cause determination.

   [4] The court initially dismissed this case on other grounds without issuing a ruling on the motion to suppress. (Doc. 25). This case has now been remanded from the Tenth Circuit for prosecution and the court is ready to rule on the pending motion.  (Doc. 34).

U.S. Const. amend. IV. The validity of a warrant is not determined by "nit-picking" discreet portions of the application. Rather, the test is whether, under the totality of the circumstances presented in the affidavit, the issuing judge had a "substantial basis" for determining that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Harris, 369 F.3d 1157, 1165 (10th Cir. 2004) ("In determining whether a search warrant was supported by probable cause, we review "the sufficiency of the affidavit upon which a warrant [wa]s issued by looking at the totality of the circumstances and simply ensuring 'that the [issuing] magistrate had a substantial basis for concluding that probable cause existed.'" (internal citation omitted)). The court gives great deference to the search warrant that was reviewed and signed by the experienced magistrate. See United States v. Leon, 468 U.S. 897, 914 (1984); United States v. Price, 265 F.3d 1097, 1101 (10th Cir. 2001).

Probable cause exists when "the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." Harris, 369 F.3d at 1165 (quoting United States v. Hernandez-Rodriguez, 352 F.3d 1325, 1330 (10th Cir. 2003)). The Tenth Circuit has adopted the general rule that probable cause requires a "nexus between [the contraband to be seized] or suspected criminal activity and the place to be searched." United States v. Rowland, 145 F.3d 1194, 1203-04 (10th Cir. 1998)(quoting United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990)).

Walker contends that the search warrant did not provide the requisite nexus because it did not articulate facts supporting

probable cause to believe that Walker resided at 1510 N. Vassar.  At the very beginning of the affidavit, the affiant makes a conclusory statement that Walker lives at or has used the address of 1510 N. Vassar.  The affiant then goes on to discuss a 2007 search warrant that was executed at 2001 E. Elm.  Thereafter, Walker was arrested and charged with drug offenses after that search.  At the end of the paragraph, the affiant states that "during this investigation officers began to notice vehicles driven by Darrin Walker were staying at 1510 N. Vassar."  This statement is the only instance in which the affiant avers, by inference, that Walker was seen at the Vassar residence.[5]  The affiant does not explain how long Walker stayed or any time frame in which this occurred which leaves the court (and the state court judge) to presume that it all occurred during the 2007 investigation.

In the next paragraph of the affidavit, the affiant discusses a 2010 investigation in which officers learned that Walker was selling cocaine out of a residence on 1260 N. Matthewson.  During that time, officers saw rental cars leave 2160 N. Matthewson[6] and arrive at 1510 N. Vassar.  There is no statement, however, about the identity of the individuals driving the rental cars or how long they remained at the Vassar residence.  On February 7, 2012, Walker was stopped after leaving 1260 N. Matthewson and charged with driving under the influence.  Officers seized his vehicle and Walker requested that it

---

[5] The sentence also could be interpreted to read that officers noticed vehicles "staying" at 1510 N. Vassar which they had seen Walker driving.  The sentence focuses on vehicles "staying" at the residence.  It does not say that Walker was seen at the residence or in the vehicles when they were seen "staying" at the residence.

[6] The court presumes this is a typographical error, but no party addressed the significance of this error in the briefing.

be released to co-defendant Johnson. Johnson told officers that she lived at 1510 N. Vassar.

Based upon the facts set forth in the affidavit, the only sightings of Walker at the Vassar residence occurred during 2007. Probable cause cannot be based on stale information which no longer suggests that the item sought will be found at the place to be searched. United States v. Shomo, 786 F.2d 981, 984 (10th Cir. 1986). Based on the facts recounted in the affidavit, there is no reason to believe that Walker lived at the Vassar residence when the application for a search warrant was presented to the state court judge, especially in light of the fact that Walker was present at the Matthewson residence in 2010, three years after he was seen at the Vassar residence. The facts in the affidavit support a finding that Johnson might reside at that residence, but there are no allegations in the affidavit which connect Walker to Johnson in any relationship in which his presence could be presumed. There are also no allegations that Johnson herself was involved in drug trafficking prior to this indictment.

A magistrate reading the affidavit would not, from the face of the affidavit, be able to reasonably conclude that the requisite nexus between Walker and 1510 N. Vassar was present. United States v. Gonzales, 399 F.3d 1225, 1228 (10th Cir. 2005). Therefore, Walker's drug activities in 2007, 2010 and March 2011 cannot support a finding that criminal activity was ongoing at the Vassar residence at the time Officer Henry applied for the search warrant.

Finally, Walker argues that the items seized in the trash pull cannot establish the "nexus between the contraband to be seized or

suspected criminal activity and the place to be searched," Id., because the statements in the affidavit cannot connect the trash cart to the Vassar residence.  The affiant states that he removed a trash cart sitting five feet east of Volutsia Street and five feet north of the driveway of 1510 Vassar.  The location of Volutsia street is more than five blocks from 1510 Vassar.  The government responds that the "confusing" location of the trash cart is "nullified" because two days later Officer Henry observed the same trash cart, which was identified by the duct tape he left on the wheels, next to the Vassar residence. (Doc. 21 at 5).  The problem with this reasoning is that the state court judge excised this sentence from the affidavit.  Therefore, the court cannot consider it.  The court is then left with a trash pull of a cart in which its location is unidentifiable from the face of the affidavit.

Because the affidavit failed to provide a sufficient nexus between the trash cart and the premises at 1510 N. Vassar, the court concludes that the warrant lacked probable cause on this basis as well.

**B.  Good Faith**

The government argues that the court should apply the Leon exception to the exclusionary rule which holds that evidence seized pursuant to an invalid warrant need not always be suppressed.  468 U.S. 897, 906; Herring v. United States, 555 U.S. 135, 142, 129 S. Ct. 695, 701 (2009).  "When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted 'in objectively reasonable reliance' on the subsequently invalidated search warrant." Herring, 555 U.S. at 142.  A warrant

issued by a judge thus usually suffices to establish that a law enforcement officer has acted in good faith in conducting the search. Leon, 468 U.S. at 922.

There are four circumstances, however, where an officer's reliance on a warrant will not be considered objectively reasonable: (1) where the judge was misled by information in an affidavit that the affiant knew was false (or would have known but for a reckless disregard of the truth); (2) where the judge wholly abandoned his neutral and detached judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient – such as by failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923.

Walker argues in this case that the exception should not apply because the affidavit is so lacking in probable cause. The government responds that "the affidavit set forth the officer's experience, his training, and Walker's extensive arrest history for narcotics." (Doc. 21 at 11). As discussed above, however, there is no evidence after 2007 to tie Walker to the Vassar residence. The affidavit merely makes a conclusory statement that Walker lives at 1510 N. Vassar. In order to establish good faith, there must be a "minimal nexus" between the place to be searched and the suspected criminal activity. Gonzales, 399 F.3d at 1231. Such a nexus is lacking in this case because the warrant application "was not supported by any facts establishing the residence belonged to or was otherwise linked to [defendant]." Id.

Therefore, the court finds that the good faith exception does not apply.

### III. Conclusion

Walker's motion to suppress is granted.  (Doc. 17).

IT IS SO ORDERED.

Dated this ___1st___ day of October 2014, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE